UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 4:94-cr-21-SEB-VTW |
| | ) | |
| RICHARD DALE TALBOTT, | ) | |
| | ) | |
| Defendant | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on June 18, 2015, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on June 11, 2015 (Dkt. 8), and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e) and (g). An Initial Hearing in this matter was held on February 11, 2016, and disposition proceedings were held on that same date, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. The defendant, Richard Dale Talbott, appeared in person with his appointed counsel, James Earhart. The government appeared by Todd Shellenbarger, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1

1. On February 11, 2016, Mr. Earhart was present for the initial hearing and was appointed by the Court to represent Mr. Talbott regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Talbott and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. At that time the defendant by counsel stated his readiness to waive the preliminary examination and proceed with the revocation hearing. Mr. Talbott then waived the preliminary hearing.

4. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

5. The parties stipulated the following in open Court:

> (a) As to Violation Numbers 1 through 2 of the Petition for Offender Under Supervision, the defendant admitted in open Court that he had violated these conditions.
>
> (b) The parties, by agreement, stipulated that the defendant's supervised release would be revoked and the defendant would serve 70 days imprisonment, with no term of supervised release to follow.
>
> (c) No additional consideration will be given for time served by the defendant while in state custody.

6. The Court then proceeded to a revocation hearing upon the allegations of alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 1 through 2 of said Petition. The Court placed Mr. Talbott under oath and inquired of him whether

he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Talbott admitted the violations contained in Violation Numbers 1 through 2. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 through 2. The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | "The defendant shall not commit another federal, state, or local crime." |
| 2 | "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." |

7. Based on the information available to the Court, the Court further finds the following:

    (a) Mr. Talbott has a relevant criminal history category of VI. *See,* U.S.S.G. §7B1.4(a).

    (b) The most serious grade of violation committed by Mr. Talbott constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b), given that the defendant pled guilty to three misdemeanor charges in Clark County, Indiana, which are the state court offenses described in Violation No. 1.

    (c) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Talbott is 8-14 months.

    (d) The appropriate disposition for Mr. Talbott's violation of the conditions of supervised release is as follows:

        (1) Defendant shall be committed to the Bureau of Prisons to serve a term imprisonment of 70 days, with no term of supervised release to follow.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 through 2 of the Petition.  The defendant's supervised release is hereby **REVOKED,** and Richard Dale Talbott shall be committed to the Bureau of Prisons to serve a term of imprisonment of 70 days with no term of supervised release to follow.

The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Richard Dale Talbott's supervised release.

**IT IS SO RECOMMENDED** this 12th day of February, 2016.

_Van Willis_
Van T. Willis, Magistrate Judge
United States District Court

Distribution to all counsel of record via CM/ECF